Joseph A. Gavagan, J.
Petitioner moves to quash a subpoena duces tecum served upon it by the Attorney-General. The subpoena was issued pursuant to article 11 of the Business Corporation Law and subdivision 12 of section 63 of the Executive Law.
Article 11 of the Business Corporation Law, authorizes the Attorney-General to bring an action for the dissolution of a corporation upon certain specified grounds. 'Section 109 (subd. [b], par. 6) thereof states: “In connection with any such proposed action -or special proceeding, the attorney-general may take proof and issue subpoenas in accordance with the civil practice law and rules.” (Emphasis supplied.)
The applicable provision of subdivision 12 of section 63 of the Executive Law states: “In connection with any such proposed application, the attorney-general is authorized to take proof and make a determination of the relevant facts and to issue subpoenas in accordance with the civil practice law and rules.” (Emphasis supplied.)
The authority to issue subpoenas is set forth in article 23 of the Civil Practice Law and Rules. The authority to issue subpoenas without a court order is contained in subdivision (a) *334 of section 2302 thereof, which provides: “(Subpoenas may be issued without a court order by the clerk of the court, a judge where there is no clerk, an attorney of record for a party to an action, an administrative proceeding or an arbitration, an arbitrator, a referee, or any member of a board, commission or committee authorized by law to hear, try or determine a matter or to do any other act, in an official capacity, in relation to which proof may be taken or the attendance of a person as a witness may be required.”'
The power of the Attorney-General to issue a subpoena in this matter is not in issue, only his authority under the Civil Practice Law and Buies to issue such subpoena without a court order is questioned.
A careful study reveals that all of the pertinent and applicable statutes, and the cited case law appertaining thereto, support only the undisputed proposition that the Attorney-General has the power to issue a subpoena in a proper case. Nowhere in the cases cited by the parties or those disclosed by the court’s independent research has the specific question before this court been raised or passed upon. Accordingly, I must consider this a case of first impression.
(Subdivision (a) of section 2302 of the Civil Practice Law and Buies, heretofore set forth in full, specifically defines those who may issue a subpoena without a court order. The status of the Attorney-General in this matter does not fit into any of the enumerated statutory categories. The Attorney-General of the State of New York is not a Clerk of the court, a Judge, an arbitrator or a member of any board, commission or committee authorized by law to hear, try or determine a matter. Further, there being no action, administrative proceeding or arbitration pending herein, the Attorney-General clearly is not deemed an attorney of record for a party to any of the afore-mentioned.
The authority of the Attorney-General to issue the subpoena is conditioned upon such issuance being “ in accordance with the civil practice law and rules ” (Executive Law, § 63, subd. 12; Business Corporation Law, § 109, subd. [a], par. [6]). It is patently clear therefore that the subpoena issued herein, without a court order, is in direct violation of subdivision (a) of section 2302 of the Civil Practice Law and Buies.
It should be noted that the requirement that a subpoena be issued in conformity with the Civil Practice Law and Buies was not contained in section 63 of the Executive Law prior to its recent amendment, and it is not present in section 343 of the General Business Law.
*335 It is not for this court to inquire as to why the Legislature saw fit to impose restrictions upon the power of the Attorney-G-eneral to issue subpoenas in one instance and not in another. However, once legislated, the court must enforce the clear mandate contained in the statute. Accordingly, the application is granted.